[Cite as *State v. Dunivant*, 2011-Ohio-6874.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee, | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| v. | : | |
| | : | |
| CRAIG DUNIVANT, | : | Case No. 2011CA00160 |
| | : | |
| Defendant-Appellant. | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2003CR0092



JUDGMENT:    Affirmed



DATE OF JUDGMENT:    December 30, 2011



APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                          DEREK J. LOWRY
Stark County Prosecutor                   116 Cleveland Avenue, NW, Suite 800
                                                         Canton, OH  44702
By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
110 Cenetral Plaza, South, Suite 510
Canton, OH  44702

Farmer, J.

{¶ 1} On April 23, 2003, appellant, Craig Dunivant, was sentenced to an aggregate term of eighteen years to life in prison. A nunc pro tunc was filed on May 20, 2003. Appellant was not properly notified about postrelease control.

{¶ 2} On December 1, 2010, the trial court held a resentencing hearing to properly advise appellant of postrelease control. This hearing was conducted via a video link to appellant's prison facility. The resentencing was journalized on same date.

{¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 4} "THE TRIAL COURT ERRED BY HOLDING A DE NOVO SENTENCING HEARING WITHOUT THE DEFENDANT BEING PRESENT IN THE COURTROOM."

II

{¶ 5} "THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

I, II

{¶ 6} Appellant claims he was denied his constitutional right to be physically present at his resentencing hearing and his trial counsel was deficient in not informing him of this right. We disagree.

{¶ 7} Appellant was resentenced under *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, overruled on other grounds, *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. The resentencing was done via a video link to the prison facility. Appellant argues this

procedure constitutes structural error and his trial counsel was deficient for failing to object. We note appellant did not sign a waiver regarding the video procedure.

{¶ 8} Crim.R. 43(A) states the following:

{¶ 9} "**(A) Defendant's presence**

{¶ 10} "(1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes.

{¶ 11} "(2) Notwithstanding the provisions of division (A)(1) of this rule, in misdemeanor cases or in felony cases where a waiver has been obtained in accordance with division (A)(3) of this rule, the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:

{¶ 12} "(a) The court gives appropriate notice to all the parties;

{¶ 13} "(b) The video arrangements allow the defendant to hear and see the proceeding;

{¶ 14} "(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

{¶ 15} "(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record

how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

{¶ 16} "(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates and consents.

{¶ 17} "(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court."

{¶ 18} The standard for ineffective assistance of counsel is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶ 19} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶ 20} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶ 21} In addressing this issue on an identical fact pattern, our brethren from the Tenth District found the claimed error not to be structural error, but found the issue should be reviewed under the plain error doctrine:

{¶ 22} "***In the absence of objected error, we review the question under a plain error analysis. 'It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' *State v. Glaros* (1960), 170 Ohio St. 471, 166 N.E.2d 379, paragraph one of the syllabus. 'Constitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' *State v. Childs* (1968), 14 Ohio St.2d 56, 62, 236 N.E.2d 545.

{¶ 23} "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' However, an alleged error is plain error only if the error is 'obvious,' *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, 2002–Ohio–68, and where, but for the error, the outcome of the proceeding would clearly have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.

{¶ 24} "Appellant contends that the trial court's imposition of post-release control when appellant was present only by video conference violates both Crim.R. 43(A) and his constitutionally guaranteed due process right to be physically present at every stage of his criminal proceeding.

{¶ 25} "For the time in question, Crim.R. 43(A)(2) provides for participation of a defendant via video appearance only when the defendant waived the right to be physically present and did so in writing or on the record under Crim.R. 43(A)(3).

{¶ 26} "It remains axiomatic that a criminal defendant has a fundamental right to be present at all critical stages of his criminal trial. Section 10, Article I of the Ohio

Constitution; Crim .R. 43(A) ('defendant must be physically present at every stage of the criminal proceeding and trial'); *State v. Hale,* 119 Ohio St.3d 118, 892 N.E.2d 864, 2008–Ohio–3426, ¶100. However, on these facts, we agree with the state that appellant has failed to demonstrate plain error because the outcome of the proceeding would not clearly have been otherwise but for the purported error. The presence of a defendant is a condition of due process ' "to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*" ' (Emphasis added.) *Id.,* quoting *Snyder v. Massachusetts* (1934), 291 U.S. 97, 108, 54 S.Ct. 330, 333, 78 L.Ed. 674, overruled on other grounds *Mallory v. Hogan* (1964), 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. *State v. Davis,* 116 Ohio St.3d 404, 880 N.E.2d 31, 2008–Ohio–2, ¶90. 'An accused's absence***does not necessarily result in prejudicial or constitutional error.' *Id.* A defendant's absence, therefore, even where the notice and waiver rules of Crim.R. 43(A)(2) and (3) are not found in the record, may be improper and yet not rise to the level of plain error where the defendant suffers no prejudice. *State v. Warren,* 10th Dist. No. 10AP–376, 2010–Ohio–5718, ¶7, citing *State v. Williams* (1983), 6 Ohio St.3d 281, 285–87, 452 N.E.2d 1323.

{¶ 27} "Appellant cannot demonstrate that the outcome would have been different had he been physically present. Appellant was represented by counsel and had all other due process guarantees fulfilled. Appellant was notified of his right to appeal and responded that he intended to do so, both on the re-sentencing and his Tier III sex offender reclassification. Appellant has not demonstrated plain error because he has not articulated sufficient prejudice arising from either a purported lack of notice or

from his participation via a video teleconference from his institution." *State v. Mullins,* Franklin App. No. 09AP-1185, 2011-Ohio-1256, ¶6-11.

{¶ 28} We concur with this analysis. In addition, we note under *State v. Fisher,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶40, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶ 29} Any error in the video procedure is harmless. Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right. Appellant has not demonstrated any prejudice in the video procedure or that the outcome would have been different.

{¶ 30} Assignments of Error I and II are denied.

The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

Judgment affirmed.

Hoffman, P.J. and Edwards, J. concur.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards _____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| CRAIG DUNIVANT, | : | |
| | : | |
| Defendant-Appellant. | : | CASE NO. 2011CA00160 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards_____

JUDGES