[Cite as *State v. Bunting*, 2012-Ohio-445.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

LARRY BUNTING


      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case Nos. 2011 CA 00112,
2011 CA 00130 and 2011 CA 00131

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 1996 CR 0799 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 6, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN FERRERO
PROSECUTING ATTORNEY
RONALD MARK CALDWELL
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702

For Defendant-Appellant

ANTHONY KAPLANIS
116 Cleveland Avenue NW
Suite 701
Canton, Ohio 44702

*Wise, J.*

**{¶1}** Appellant Larry Bunting challenges his April 1, 2011, re-sentencing in the Stark County Court of Common Pleas.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On August 26, 1996, Appellant Larry Bunting waived his right to an indictment and pleaded guilty to seven counts of aggravated robbery as charged in a bill of information. All of the charges were felonies of the first degree; six of these charges were pre-Senate Bill 2 charges, while the remaining count was a post-Senate Bill 2 charge. As a result of his guilty plea to these charges, Appellant Bunting was convicted and sentenced to an aggregate indeterminate prison term of sixteen (16) to fifty (50) years for the six pre-Senate Bill 2 charges, and a consecutive prison term of nine (9) years for the post-Senate Bill 2 charge. At the sentencing hearing, Appellant was not properly notified about post release control.

**{¶4}** In 2010, Appellant filed a motion for re-sentencing based upon improper imposition of post-release control as part of his post Senate Bill 2 sentence. Appellant requested a de novo sentencing, asking to be re-sentenced on the prison terms as well as post-release control part of his sentence. The trial court denied the request for a de novo re-sentencing.

**{¶5}** On April 1, 2011, the trial court held a re-sentencing hearing at which the Appellant was present via a video link to his prison facility. At this hearing, Appellant objected to the video conference and requested to be physically present for the hearing. The Appellant followed up his oral objection with a written objection to the video

conferencing requesting that he be physically present. This written objection was filed on April 5, 2011.

**{¶6}** On May 11, 2011 the trial court overruled his motion. At this video hearing, the trial court advised Appellant about post release control.

**{¶7}** On May 20, 2011, Appellant filed a timely pro se Notice of Appeal which was subsequently dismissed. On July 7, 2011, a second Notice of Appeal was filed through counsel.

## ASSIGNMENTS OF ERROR

**{¶8}** Appellant has filed three separate pro se appeals raising the following identical assignments of error:

**{¶9}** "I. THE TRIAL COURT ERRED BY SUBJECTING DEFENDANT TO A FISCHER STYKE SENTENCING HEARING INSTEAD OF A DE NOVO SENTENCING HEARING

**{¶10}** "II. TRIAL COURT ERRED BY NOT ALLOWING APPELLANT TO BE PRESENT FOR RE-SENTENCING HEARING."

**{¶11}** Appellant also filed a second brief through counsel raising the same errors:

**{¶12}** "I. THE TRIAL COURT ERRED BY HOLDING A DE NOVO SENTENCING HEARING WITHOUT THE DEFENDANT BEING PRESENT IN THE COURTROOM."

### I., II.

**{¶13}** We shall address Appellant's assignments of error simultaneously as they raise the same issues.

**{¶14}** Specifically, Appellant contends that the trial court was required to vacate his original sentence and re-sentence him, rather than just modify or correct his original sentence. Appellant also claims that he was denied the right to be physically present in the courtroom during his re-sentencing. We disagree.

**{¶15}** Appellant herein was resentenced under *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, overruled on other grounds, *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, and *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434. The resentencing was done via a video link to the prison facility.

**{¶16}** Effective July 11, 2006, the legislature enacted R.C. §2929.191, therein promulgating a statutory remedy for trial courts to use to correct an error in imposing post release control. *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 at paragraph one of the syllabus. In *Singleton,* the Supreme Court of Ohio reasoned as follows with respect to the retroactive application of R.C. 2929.191:

**{¶17}** "for sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. However, for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191."

**{¶18}** Thus, R.C. §2929.191 applies only prospectively and essentially provides that if a trial court fails to properly impose post release control, after a hearing, it may issue a nunc pro tunc entry correcting the error.

**{¶19}** Appellant herein was sentenced prior to the effective date of R.C. §2929.191. Thus, the reasoning set forth in *Singleton* would seem to dictate that the trial court conduct a de novo sentencing hearing.

**{¶20}** However, in 2010, the Supreme Court of Ohio overruled or largely altered its holdings in *Singleton* and its progeny in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer,* the Court reaffirmed that a sentence that failed to include the statutorily required post release control term is void. *Id.* However, the only part of the sentence that is "void" is the portion that fails to comply with the requirements of post release control statutes. Therefore, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id.* at ¶ 26. But "the new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." *Id.* at ¶ 29.

**{¶21}** We find that the trial court was therefore correct in finding that Appellant was not entitled to a de novo re-sentencing.

**{¶22}** Appellant also argues that it was error to re-sentence him via video conferencing because he was sentenced prior to the effective date of R.C. §2929.191, which permits video conferencing.

**{¶23}** This Court recently addressed the issue of a defendant's right to be physically present at a re-sentencing hearing in *State v. Dunivent*, Stark App.No. 2011CA00160, 2011-Ohio-6874.

**{¶24}** In *Dunivent,* this Court concurred with the analysis of the Tenth District Court of Appeals in *State v. Mullins,* Franklin App. No. 09AP-1185, 2011-Ohio-1256, ¶

6-11, which held that such error was not structural error, and finding that the issue should be reviewed under the plain error doctrine.

**{¶25}** This Court went on to find that "any error in the video procedure is harmless. Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right. Appellant has not demonstrated any prejudice in the video procedure or that the outcome would have been different."

**{¶26}** The Appellant herein, like the Appellant in Dunivent, has failed to allege that he was prejudiced in any way by the video conferencing,

**{¶27}** We therefore find that even if it were error to re-sentence Appellant by video conferencing in this case, any such error is harmless.

**{¶28}** Appellant's assignments of error are overruled.

**{¶29}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and Hoffman, J., concur.



_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
LARRY BUNTING                          :
                                       :
    Defendant-Appellant            :          Case Nos. 2011 CA 00112, 2011
                                       :          CA 00130 and 2011 CA 00131


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

    Costs assessed to Appellant.


                               _____


                               _____


                               _____

                                           JUDGES