[Cite as *State v. Nix*, 2012-Ohio-1160.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11CA51 |
| ANTHONY NIX | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the RIchland County Court of
                             Common Pleas, Case No. 05 CR 648

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      March 8, 2012

APPEARANCES:

For Appellant:                      For Appellee:

JOHN C. O'DONNELL                   JAMES J. MAYER, JR.
13 Park Ave. W., Suite 605          RICHLAND COUNTY PROSECUTOR
Mansfield, OH 44902
                                    JILL M. COCHRAN
                                    Assistant Richland County Prosecutor
                                    38 South Park St.
                                    Mansfield, OH 44902

*Delaney, J.*

{¶1}   Defendant-appellant Anthony Nix appeals from the original judgment entry and subsequent re-sentencing judgment entry of the Richland County Court of Common Pleas sentencing him to a total prison term of sixteen years and five years of mandatory postrelease control.  Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2}   Appellant was originally sentenced on September 19, 2005.[1]  Appellant entered a plea of guilty to one count of voluntary manslaughter [R.C. 2903.03(A), a felony of the first degree], one count of abduction [R.C. 2905.02(A)(2), a felony of the third degree], and one count of gross abuse of a corpse [R.C. 2927.01(B), a felony of the fifth degree] in exchange for a total aggregate sentence of 16 years in prison.  A mandatory two- to six-year term on an unrelated drug charge was made concurrent, and the State agreed not to pursue an additional charge of witness intimidation.

{¶3}   On December 3, 2010, appellant filed a *pro se* "Motion for Resentence" asserting that his sentence is void because the trial court failed to impose postrelease control; appellant requested a *de novo* sentencing hearing pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.  Appellee filed a response conceding that appellant's argument was legally and factually correct, and requested the trial court arrange a video conference for resentencing.

{¶4}   On April 29, 2011, appellant filed a *pro se* Motion to Withdraw Guilty Plea.  In this motion, appellant acknowledged that the trial court had vacated his sentence and scheduled a resentencing hearing for May 11, 2011, but appellant

---

[1] A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal.

asserted that he did not fully understand the terms of the original plea because he was unaware of the five-year period of mandatory postrelease control.

{¶5} On May 11, 2011, appellant was resentenced to properly advise him of postrelease control. Appellant was present by video from prison; present in the courtroom were the prosecutor, appellant's counsel, and the trial judge. The trial court voided appellant's original sentence, re-imposed the prison term of sixteen years, and further advised appellant that he is subject to a mandatory 5-year period of postrelease control.

{¶6} On May 17, 2011, appellee filed a Response in opposition to appellant's motion to withdraw plea.

{¶7} On May 24, 2011, appellant filed a Notice of Appeal before this Court, to which are attached the trial court's sentencing judgment entry of September 20, 2005, and its resentencing judgment entry of May 12, 2011.

{¶8} Also on May 24, 2011, the trial court denied appellant's Motion to Withdraw Guilty Plea.

{¶9} Appellant appeals from the original sentencing judgment entry and the resentencing judgment entry.

{¶10} Appellant raises two Assignments of Error:

{¶11} "I. DEFENDANT'S PLEA OF GUILTY WAS NOT KNOWINGLY AND VOLUNTARILY MADE."

{¶12} "II. DEFENDANT'S RIGHTS WERE PREJUDICIALLY VIOLATED WHEN HE WAS RE-SENTENCED WITHOUT BEING PERSONALLY PRESENT."

I.

{¶13} Appellant argues in his first assignment of error that his plea of guilty was not knowingly and voluntarily made because he was not advised of the "mandatory aspect" of the term of post-release control. Appellant asserts "…the Court never did advise the Defendant that he was going to have five years mandatory post release control. Although the Court did mention that he could get up to five years. There was a partial mention of post release control, but not the mandatory aspect of it."

{¶14} Appellant does not cite to any record, but refers, presumably, to his original sentencing hearing and asks that his plea be vacated because the trial court failed to properly inform him of the mandatory five-year period of postrelease control, essentially arguing his motion to withdraw his plea. Appellee notes that appellant filed a *pro se* motion to withdraw his plea before the trial court and the motion was denied on May 24, 2011, the day appellant filed the within appeal.

{¶15} Pursuant to the notice of appeal, the denial of the motion to withdraw plea is not before us. App.R. 3(D).

{¶16} We therefore reject appellant's first assignment of error.

II.

{¶17} Appellant asserts that the trial court violated the Ohio constitution and Crim.R. 43(A) in resentencing him by video conference. We disagree.

{¶18} Appellant was resentenced pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, overruled on other grounds, *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434.

Appellant was originally sentenced on September 19, 2005, for offenses including a felony of the first degree.  Appellant's sentence is therefore within the purview of R.C. 2929.191(A)(1) and (C), which state:

(A)(1)  If, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of section 2929.19 of the Revised Code, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.

* * * *.

(C)  On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has

conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶19} In general, a resentencing to properly impose a period of mandatory postrelease control may not be conducted by video conference unless the trial court provides appropriate notice and obtains an express waiver of the defendant's right to be physically present in accordance with Crim.R. 43(A). *See*, *State v. Steimle*, 8th Dist. No. 95076, 2011-Ohio-1071, ¶16. The record of the instant case does not contain the notice provided to appellant of the resentencing and video procedure, although appellant's motion to withdraw his guilty plea notes, "Court has already vacated defendants (*sic*) sentence and scheduled a re-sentencing hearing to take place May 11, 2011, to properly sentence defendant." We also note that the record is devoid of any waiver by appellant regarding the video conference and appellant

objected to the video conference procedure. Although appellant's counsel was present, appellant stated that counsel was not his lawyer.

{¶20} The instant case, therefore, presents us with the question of whether the video conference procedure is an acceptable means of resentencing appellant despite his objection thereto and absent a waiver. We hold that it is and therefore reject appellant's second assignment of error.

{¶21} First, appellant's resentencing was consistent with R.C. 2929.191, *supra*, and appellant's appearance by video "has the same force and effect as if the offender were physically present at the hearing." *Id. See, State v. Gray*, 5th Dist. No. 2010-CA-0089, 2011-Ohio-4570, ¶25.

{¶22} Further, we have previously held that where a defendant is sentenced prior to July 11, 2006, and was not properly advised of postrelease control, video conferencing is an acceptable means of holding the resentencing hearing. *State v. Payton,* 5th Dist. No. 2010CA00276, 2011-Ohio-4386, ¶¶13-14, appeal not allowed, 131 Ohio St.3d 1413, 2012-Ohio-136, --N.E.2d--.

{¶23} This conclusion is consistent with our decision in *State v. Dunivant*, in which the appellant did not sign a waiver but his trial counsel failed to object to the video procedure. *State v. Dunivant,* 5th Dist. No. 2011CA00160, 2011-Ohio-6874, ¶29, citing *State v. Mullins*, Franklin App. No. 09-AP-1185, 2011-Ohio-1256, ¶6-11. We held that the video procedure was not structural error and trial counsel was not deficient:

> Any error in the video procedure is harmless. Harmless error is "[a]ny error,
>
> defect, irregularity, or variance which does not affect substantial rights shall be

disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right. Appellant has not demonstrated any prejudice in the video procedure or that the outcome would have been different. *Id.*

{¶24} In the case, any error regarding notice or physical presence was harmless. Appellant acknowledged in his *pro se* filing of April 29, 2011 that the trial court had vacated his sentence and scheduled a hearing. The trial court re-imposed exactly the same sentence as originally ordered, and the terms of postrelease control ordered by the trial court were mandatory. Under these circumstances, appellant's physical presence at the resentencing hearing would have made no difference whatsoever and thus his second assignment of error is without merit.

{¶25} Appellant's second assignment of error is overruled.

{¶26} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Edwards, J. concur.

_____
 HON. PATRICIA A. DELANEY

_____
 HON. SHEILA G. FARMER

_____
 HON. JULIE A. EDWARDS

[Cite as *State v. Nix*, 2012-Ohio-1160.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                                       :
            Plaintiff-Appellee         :
                                       :
-vs-                                   :      JUDGMENT ENTRY
                                       :
ANTHONY NIX                            :
                                       :
                                       :      Case No. 11CA51
            Defendant-Appellant        :


    For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


 

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS