[Cite as *State v. Harris*, 2013-Ohio-2056.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 12 CA 82 |
| LOUIS HARRIS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 12 CR 438

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 17, 2013

APPEARANCES:

For Plaintiff-Appellee

KENNETH W. OSWALT
PROSECUTING ATTORNEY
JUSTIN T. RADIC
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, Ohio 43082

*Wise, J.*

{¶1} Defendant-Appellant Louis Harris appeals his judgment entry of sentence entered on October 10, 2012, in the Licking County Common Pleas Court following a plea of guilty.

{¶2} Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3} On August 24, 2012, Appellant Louis Harris was indicted on two counts of aggravated robbery, in violation of R.C. 2911.01, and two counts of aggravated burglary, in violation of R.C. 2911.11, all with firearm specifications pursuant to R.C. 2941.145. The counts arose from two separate incidents, with one robbery and one burglary charged for each incident.

{¶4} Appellant eventually pled guilty to one count of robbery and one count of burglary. During the plea negotiations, the State alleged Appellant and co-defendant Stephan Ash broke into a home in Newark, Ohio, brandished a firearm, and robbed the people in the home. Appellant agreed with the facts as alleged. (T. at 10-12).

{¶5} The State conceded that the robbery and burglary charges merged under R.C. 2941.25 and elected to proceed on the robbery.

{¶6} By Judgment Entry filed October 10, 2012, the trial court sentenced Appellant to four years, plus a mandatory consecutive three years for the firearm specification. The State subsequently dismissed the other two counts due to lack of cooperation from a witness, not as part of a plea bargain. (T. at 11-12).

{¶7} Appellant sent a letter dated October 11, 2012, to the trial court complaining about the performance of his trial attorney, and requesting permission to "take back" his plea or appeal his case.

{¶8} By Judgment Entry dated October 22, 2012, the trial court appointed appellate counsel to represent Appellant on appeal.

{¶9} By Judgment Entry dated October 23, 2012, the trial court appointed new trial counsel to represent Appellant for any further representation at the trial court level.

{¶10} The trial court interpreted Appellant's letter as also setting forth a motion to withdraw his plea pursuant to Crim.R. 32.1, and by Court Order filed October 23, 2012, scheduled a hearing on the motion to be held on November 7, 2012.

{¶11} On October 25, 2012, Appellate counsel filed the Notice of Appeal in this case.

{¶12} On November 5, 2012, Appellate counsel filed a motion with this Court to remand the case back to the trial court to rule on the motion to withdraw the plea.

{¶13} By Judgment entry filed November 8, 2012, the trial court issued an entry declining to rule on the motion due to lack of jurisdiction.

{¶14} On December 10, 2012, this Court subsequently denied the motion for a remand.

{¶15} Appellant's appeal is now before this Court, assigning the following error for review:

ASSIGNMENT OF ERROR

{¶16} "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, CIV.R. 11(C)(2)(a), AND R.C. 2943.01 BY

FAILING TO PERSONALLY ADDRESS APPELLANT AND ENSURE THAT HE UNDERSTOOD THE MAXIMUM PENALTY THAT HE FACED BY ENTERING A GUILTY PLEA."

I.

{¶17} In Appellant's sole Assignment of Error, Appellant argues that the trial court erred in failing to inform him during sentencing of the actual penalty for violating post-release control. We disagree.

{¶18} Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea or no contest plea without performing these duties. *State v. Holmes,* 5th Dist. No. 09 CA 70, 2010-Ohio-428. Crim.R. 11(C)(2)(a) states the trial court must determine:

{¶19} "* * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶20} Post-release control constitutes a portion of the maximum penalty. *State v. Jones,* 5th Dist. Nos. 10CA75, 10CA76, 10CA77, 2011-Ohio-1202.

{¶21} Appellant argues that the trial court failed to substantially comply with Crim.R. 11 because the trial court did not specify the actual penalty for violating post-release control, which would be up to nine months per violation, with a cumulative maximum of one-half the original sentence. R.C. 2967.28(F)(3). Appellant claims that

without an explanation of those terms, Appellant could not subjectively understand the implications of his plea.

**{¶22}** In *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, the Ohio Supreme Court held:

**{¶23}** "* * * if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause. Crim.R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No.2011–CA–121, 2012–Ohio–2957, citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

**{¶24}** "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *[State v. Nero* (1990), 56 Ohio St.3d

106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509.

{¶25} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748; *State v. Aleshire,* 5th Dist. No. 2007-CA-1, 2008-Ohio-5688. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark,* 119 Ohio St.3d at 244, 2008-Ohio-3748.

{¶26} In *Clark, supra*, decided after *Sarkozy,* the Ohio Supreme Court concluded that:

{¶27} "If a trial judge, in conducting a plea colloquy, imperfectly explains non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies on appellate review; under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld." *Id.* at ¶ 31.

{¶28} Thus, in *Clark,* the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the

substantial compliance test. 119 Ohio St.3d at 244, 2008-Ohio-3748 at ¶ 31. (Citations omitted).

**{¶29}** The present case involves the notification of post-release control during a plea colloquy. As such, we review the trial court's plea colloquy under the substantial-compliance standard because the notification of post-release control impacts the right to be informed of the maximum penalty. Under the substantial-compliance standard, we analyze the totality of circumstances surrounding Alexander's plea and determine whether he subjectively understood the effect of his plea.

**{¶30}** In the case sub judice, with regard to post-release control, the trial court addressed Appellant as follows:

**{¶31}** "Do you also understand, Mr. Harris, that as a result of these convictions, that at the completion of your sentence you would be placed on a period of mandatory post-release control, and if you were to violate the terms of post-release control -- a period of five years of post-release control -- you'd be subject to being returned to the penitentiary for more incarceration even though you've served out your entire sentence? Do you understand that?" (T. at 14-15).

**{¶32}** The plea form, signed by Appellant, informed Appellant as follows:

**{¶33}** "I know any prison term stated will be the term served without good time credit. After release from prison, I will have <u>5</u> years of post-release control. A violation of any post-release control rule or condition can result in a more restrictive sanction while I am under post-release control, an increased duration of supervision or control, up to the maximum term and re-imprisonment even though I have served the entire stated prison term upon me by the Court for all offenses. If I violate conditions of supervision while

under post-release control, the Parole Board could return me to prison for up to nine month for each violation, for repeated violations up to 1/2 of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post-release control, which would be consecutive to any other prison term imposed for the new offense."

{¶34} Additionally, the October 10, 2012, Judgment Entry of Sentence stated the following:

{¶35} "The Court advised the defendant of a mandatory period of five (5) years of post-release control, not subject to reduction by the Adult Parole Authority, following any prison sentence imposed, and further the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code Section 2967.28, being the defendant is subject to being reincarcerated for a period of up to nine months, with a maximum for repeated violations of 50% of the stated prison term. If the violation is a new felony, the defendant may be returned to prison for the remaining period of control or 12 months, whichever is greater, plus receive a prison term for the new crime. The defendant was also advised if he is released early from the state penitentiary pursuant to judicial release and placed on community control, if a violation of community control occurs, the defendant could be subject to being returned to the penitentiary for the balance of his sentence."

{¶36} In *Sarkozy* and *Jones,* there was no mention of post-release control at the plea hearing. In the present case, the trial court notified Appellant that he was subject to a mandatory post-release control period of 5 years. Further, the Crim.R. 11(C) form signed by Alexander stated that post-release control was mandatory for a term of five

years and specifically stated that he could be returned "to prison for up to nine months for each violation".

**{¶37}** Based on the foregoing, we find, under the totality of the circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) in informing Appellant of post-release control during his plea hearing so that Appellant subjectively understood the implications of his plea. *See State v. Alexander,* 5th Dist. No. 2012CA00115, 2012-Ohio-4843*; State v. Kula,* 5th Dist. Nos. 08-CA13, 08-CA14, 2009-Ohio-2911; *State v. Knowles,* 10th Dist. 10AP–119, 2011–Ohio–4477.

**{¶38}** We find Appellant's sole Assignment of Error not well-taken and overrule same.

**{¶39}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0423

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :            JUDGMENT ENTRY
                                           :
LOUIS HARRIS                               :
                                           :
    Defendant-Appellant                :            Case No. 12 CA 82


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____
                              JUDGES