[Cite as *State v. Miller*, 2014-Ohio-18.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                          |
| :------------------- | - | :------------------------------- |
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.         |
|                      | : | Hon. William B. Hoffman, J.      |
| Plaintiff-Appellee   | : | Hon. Patricia A. Delaney, J.     |
|                      | : |                                  |
| -vs-                 | : |                                  |
|                      | : | Case No. 2013CA00115             |
| CURTIS MILLER        | : |                                  |
|                      | : |                                  |
| Defendant-Appellant  | : | O P I N I O N                    |


CHARACTER OF PROCEEDING:          Criminal appeal from the Stark County
                                  Court of Common Pleas, Case No.
                                  2005CR1564


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           January 6, 2014

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

JOHN D. FERRERO                   KRISTINA POWERS-GRIFFITHS
Stark County Prosecutor           Public Defender
BY: KATHLEEN TATARSKY             201 Cleveland Avenue S.W., Ste 104
110 Central Plaza South, Ste. 510 Canton, OH 44702
Canton, OH  44702-1413

*Gwin, P.J.*

**{¶1}** Appellant Curtis Miller ["Miller"] appeals the trial court's May 15, 2013 Judgment Entry notifying him of post release control pursuant to *State v. Fisher,* 128 Ohio St.3d 72, 2011-Ohio-6238, 942 N.E.2d 332.

*Facts and Procedural History*

**{¶2}** On November 15, 2005, the Stark County Grand Jury indicted appellant, Curtis Miller, on one count of burglary in violation of R.C. 2911.12. Said charge arose from an incident wherein appellant broke into a home occupied by two children, ages fourteen and twelve. See, *State v. Miller,* 5th Dist. Stark No. 2006CA00032, 2006-Ohio-5683, ¶1. ["*Miller I*"] A jury trial commenced on January 5, 2006. The jury found appellant guilty. By judgment entry filed January 17, 2006, the trial court sentenced appellant to eight years in prison. *Miller I*, ¶3. Appellant appealed and this court affirmed appellant's conviction, but remanded his case for resentencing in light of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Miller I.*

**{¶3}** A resentencing hearing was held on November 22, 2006. By judgment entry filed November 28, 2006, the trial court again sentenced appellant to eight years in prison. Appellant's conviction and sentence was affirmed by this Court. *See, State v. Miller*, 5th Dist. Stark No. 2006 CA00378, 2007–Ohio–2466. ["*Miller II*"].

**{¶4}** On March 21, 2011 appellant filed a "Motion to Vacate Void Judgment Based on Structural Error of Jury Verdict Form and Improper Notification of Post Release Control." Appellant argued that the jury verdict form only convicted him of burglary under R.C. 2911.12, a felony of the fourth degree instead of a felony of the second degree. The trial court overruled the motion on March 24, 2011. This court

affirmed the trial court's decision. *State v. Miller*, 5th Dist. Stark No. 2011CA00074, 2011-Ohio-3039. ["*Miller III"*].

{¶5} On May 7, 2013, the trial court sua sponte conducted a hearing in Miller's case using a video link between the court and the Lake Erie Correctional Institute. The purpose of the hearing was to correct sentencing errors that occurred when Miller was notified about post-release control. The court informed Miller that it had appointed counsel for him and that counsel was present in the courtroom. The Court further inquired whether Miller had any questions for the attorney or anything that he wanted to say to his attorney in private. Miller stated that he did not.

{¶6} Miller subsequently asked two questions of the Court. First, he asked if the length of his prison term was changed. Second, he inquired as to why he was being subjected to an additional sentencing hearing. Miller stated to the Court, "I am invoking my constitutional right to a fair hearing and I challenge the validity of this procedure and I challenge the authority of this Court as to whether or not that [sic.] you are about to do is legal and binding under law pertaining to corrections of the judgment of PRC..." [Sent. T., May 7, 2013 at 6]. Counsel for Miller then notified the trial court Miller had not agreed to waive his physical presence in the courtroom for the hearing. The Court responded that he did not have to waive his right.

{¶7} The trial court noted all his objections for the record and sentenced him to a mandatory period of post release control for three years. Miller acknowledged that he understood post release control and that he could be returned to prison if he violated it.

{¶8} It is from the trial court's May 15, 2013 Judgment Entry notifying him of post release control pursuant to *State v. Fisher,* 128 Ohio St.3d 72, 2011-Ohio-6238, 942 N.E.2d 332 that Miller has timely appealed.

*Assignments of Error*

{¶9} Miller raises two assignments of error,

{¶10} "I. THE TRIAL COURT COMMITTED ERROR BY FAILING TO PROVIDE THE APPELLANT WITH A FAIR HEARING WHEREIN HE COULD BE PHYSICALLY PRESENT.

{¶11} "II. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."

I.

{¶12} In his first assignment of error, Miller argues the use of video conferencing at resentencing violated his statutory right to be present at imposition of sentence.

{¶13} Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence. *State v. Caudill*, 5th Dist. Ashland No. 04COA58, 2005-Ohio-970 at ¶6. In *State v. Wallace*, 5th Dist. Richland No. 2002CA0072, 2003-Ohio-4119, ¶14, this court set forth the law regarding this issue as follows:

A defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hill*, 73 Ohio St.3d 433, 444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an

accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). This right is embodied in Crim.R. 43(A).

{¶14} Criminal Rule 43(A) provides that, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, *and the imposition of sentence*, * * *." (Emphasis added).

{¶15} Crim R. 43(A) further provides,

(2) Notwithstanding the provisions of division (A)(1) of this rule, in misdemeanor cases or in felony cases where a waiver has been obtained in accordance with division (A)(3) of this rule, the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately

and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

(e) The proceeding may involve sworn testimony that is subject to cross-examination, if counsel is present, participates and consents.

(3) *The defendant may waive, in writing or on the record*, the defendant's right to be physically present under these rules with leave of court." (Emphasis added).

**{¶16}** In the event post release control is not correctly imposed, R.C. 2929.191 provides a procedure to correct the error in the trial court's sentence. The statute applies to sentenced offenders who are still in prison and were either not notified at their sentencing hearings of the applicable term of post release control or did not have such notice incorporated into their sentencing entries. R.C. 2929.191(A) and (B).

**{¶17}** For such offenders, R.C. 2929.191 provides that trial courts may, after holding a hearing, issue a nunc pro tunc entry that includes notification of the applicable term of post release control. The court's placement of the nunc pro tunc entry on the journal has the same effect as if the court had included the correct notification in the original sentencing entry and had notified the offender of the applicable term of post release control at the original sentencing hearing. Id. The offender has the right to be present at the hearing, but the court may permit the offender to appear at the hearing by video conferencing equipment. R.C. 2929.191(C). See, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23.

**{¶18}** Pursuant to *Fischer,* "[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post release control." *Fischer* at paragraph

two of the syllabus. The *Fischer* court reasoned, "The post release control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the post release control." *Id.* at ¶ 17. Thus, "only the post-release-control aspect of the sentence * * * is void and * * * must be rectified," and "[t]he remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata." *Id. Fischer* expanded the courts holding in *Singleton*, to sentences lacking post release-control notification that were imposed *prior to the effective date of R.C. 2929.191*. [Emphasis sic.] *State v. Dudas*, 11th Dist. Lake No. 2011-L-093, 2012-Ohio-2121, ¶23. The court held that such sentences are likewise only partially void, and may be corrected to properly impose post release control. *Singleton,* 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, ¶ 28–29. Thus, regardless whether R.C. 2929.191 or *Fischer* applies, a sentence lacking post release control notification does not entitle a criminal defendant to a de novo sentencing hearing.

{¶19} The Eleventh District Court of Appeals has summarized Miller's argument in the present case as follows,

> As noted above, R.C. 2929.191(C) permits trial courts to conduct re-sentencing hearings by video conference. However, Crim.R. 43(A) requires a waiver of a defendant's right to be physically present in felony proceedings before a court can permit his participation by video conference. In the event of a conflict between a statute and a criminal rule involving a procedural matter, the rule prevails. *State ex rel. Silcott v. Spahr*, 50 Ohio St.3d 110, 552 N.E.2d 926 (1990). As a result, some Ohio

> Appellate Districts have held that, pursuant to Crim.R. 43(A), it is error to hold a re-sentencing via video conference without a waiver. *See, e.g., State v. Morton,* 10th Dist. No. 10AP–562, 2011–Ohio–1488, ¶ 13–14, 18; *State v. Steimle*, 8th Dist. No. 95076, 2011–Ohio–1071, ¶ 16–17. However, these courts have also held that such error is harmless without a showing of prejudice. *Morton*, supra; *Steimle*, supra.

*State v. Dudas,* 11th Dist. Lake No. 2011-L-093, 2012-Ohio-2121, ¶ 25. This court has also held that the defendant must demonstrate an error affecting his substantial right occurred because of the trial's court's use of a video conferencing link to conduct the *Fisher* hearing. We have previously held that where a defendant is sentenced prior to July 11, 2006, and was not properly advised of post release control, video conferencing is an acceptable means of holding the resentencing hearing. *State v. Payton*, 5th Dist. Stark No. 2010CA00276, 2011–Ohio–4386, ¶¶ 13–14, *appeal not allowed*, 131 Ohio St.3d 1413, 2012–Ohio–136, —— N.E.2d ——. We have also held that the video procedure was not structural error. *State v. Dunivant*, 5th Dist. Stark No. 2011 CA00160, 2011–Ohio–6874, ¶ 29; Accord, *State v. Nix*, 5th Dist. Richland No. 11CA51, 2012-Ohio-1160, ¶20.

{¶20} In the case at bar, Miller was present at his sentencing in January 2006; he was present for his re-sentencing hearing in November 2006. The hearing that the trial court held May 7, 2013 was not to sentence Miller, but rather simply to correct the advisement of post release control. Miller has not made a credible argument that the outcome of the re-sentencing would have been different if he had been physically present. Moreover, as noted above, Miller was convicted of a second-degree felony.

R.C. 2967.28(B)(2) mandates a three-year term of post release control for such a conviction. Thus, the trial court had no discretion to impose anything other than a three-year term of post release control. Further, other than correctly imposing post release control, the trial court imposed the identical sentence it imposed in 2006. Consequently, Miller's physical presence would have contributed little to his defense. We therefore hold that any error by the trial court in holding the re-sentencing via video conference without a waiver was harmless.

{¶21} Miller's first assignment of error is overruled.

II.

{¶22} In his second assignment of error, Miller argues that he received ineffective assistance of counsel because he was not permitted to confer with his attorney prior to the hearing held May 7, 2013. Miller complains that his trial counsel was ineffective because he did not have the opportunity for meaningful representation and counsel did not inform him as to the nature and purpose of the hearing.

{¶23} Miller's argument, however, is undermined by his negative response when asked whether he would like to confer with counsel prior to the hearing:

[COURT]: I have appointed Kristina Powers who is present in the courtroom, to represent you in this regard, through this video link, if necessary.

If there is anything that you would like to say to her in private, I can arrange for you to do that at this time

Is there anything that you would like to say to Attorney Powers in private at this time? With respect to the post —

[MILLER]: No, I guess not.

Sentencing T. 4. Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 1995-Ohio-40, 646 N.E.2d 1115(1995) *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359,1994-Ohio-302, 626 N.E.2d 950(1994). *See, also, Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943) paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> [t]he law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, quoting *State v. Kollar*, 93 Ohio St. 89, 91, 112 N.E. 196(1915).

**{¶24}** In the case at bar, Miller could have requested the opportunity to consult privately with his attorney when he was asked by the trial court before the hearing began. He chose not to avail himself of the opportunity provided by the court.

**{¶25}** Because we have found no instances of error in this case, we find Miller has not demonstrated that he was prejudiced by trial counsel's performance.

{¶26}  Miller's second assignment of error is overruled.

{¶27}  For the foregoing reasons, the judgment of the Court of Common Pleas, of

Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur.