[Cite as *State v. Fryer*, 2015-Ohio-4573.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-CA-00013 |
| DOUGLAS L. FRYER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Perry County
                             Court of Common Pleas, Case No. 06-CR-
                             0060

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 2, 2015

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSPEH A. FLAUTT                      DOUGLAS L. FRYER  PRO SE
Perry County Prosecuting Attorney     #A548-092
111 N. High Street, Box 569           Box 57
New Lexington, OH 43764               Marion, OH 43301

*Gwin, P.J.*

**{¶1}** Appellant Douglas L. Fryer ["Fryer"] appeals the May 20, 2015 Judgment Entry of the Perry County Court of Common Pleas denying his "Motion for Hearing."

*Facts and Procedural History*

**{¶2}** Fryer pleaded guilty to fifteen counts of Gross Sexual Imposition and the count of Rape on March 20, 2007.

**{¶3}** On April 17, 2007, Fryer was sentenced by the trial court and was found to be a sexual predator. This was pursuant to an agreement between the state and Fryer. The termination judgment entry was filed by the trial court on April 18, 2007.

**{¶4}** The court reviewed the Notice of Registration Duties of Sexually Oriented Offender or Child–Victim Offender. The form was signed by Fryer and filed with the court on April 7, 2007. Fryer did not file a direct appeal on any issues from either hearing.

**{¶5}** On March 12, 2014, Fryer filed a Motion to Correct Sentence. A request for an evidentiary hearing on Fryer's classification as a sex offender was made therein. By entry filed June 6, 2014, the court granted the motion in part in accordance with Criminal Rule 32(C) and the Ohio Supreme Court's decisions in *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008) and *State v. Lester,* 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142. However, the trial court denied Fryer's request for an evidentiary hearing. The nunc pro tunc termination entry was filed June 18, 2014.

**{¶6}** Fryer appealed the trial court's denial of his request for an evidentiary hearing. *State v. Fryer,* 5th Dist. Perry No. 14-CA-17, 2015-Ohio-509. ["*Fryer I*"]. In *Fryer I,* appointed counsel filed an appellate brief. *Fryer I*, ¶9 Appointed counsel raised

as his sole assignment of error, "" I. THE TRIAL COURT ERRED IN REFUSING TO HOLD AN EVIDENTIARY HEARING AS TO APPELLANT'S STATUS AS A SEXUAL PREDATOR." *Fryer I*, ¶7. Fryer himself filed a pro se brief, which in the interest of justice this Court considered. *Fryer I*, ¶12. Fryer raised as his sole assignment of error, "I. THE TRIAL COURT ERREED [SIC.] LIN [SIC.] TRYING AND CONVICTING OF CRIMES THAT WERE NOT SPECIFIC TO DISTINGUISH DIFFERENT CRIMES CHARGED DUE TO DUPLICITOUS INDICTMENT." *Fryer I*, ¶13.

{¶7} This Court overruled counsel's and Fryer's pro se assignments of error and affirmed the June 6, 2014 judgment entry of the Perry County Court of Common Pleas. *Fryer I*, ¶26.

{¶8} On May 1, 2015, Fryer pro se filed a "Motion for Hearing" contending: he was not notified of his right to appeal during the original sentencing hearing; the trial court failed to properly notify him concerning post release controls; the trial court failed to conduct the classification hearing in accordance with R.C.2950.09(B)(2); and the nunc pro tunc judgment violates Crim.R. 32(C), *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008) and *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142.

{¶9} The state filed a response on May 18, 2015. By judgment entry filed May 20, 2015, the trial court denied Fryer's motion.

*Assignments of error*

{¶10} Fryer raises four assignments of error,

{¶11} "I. THE TRIAL COURT ERRED WHEN DISREGARDING STATUTORY REQUIREMENTS WHEN IT DID NOT COMPLY WITH 32(B).

{¶12} "II. THE TRIAL COURT ERRED WHEN IT DID NOT MAKE THE FINDINGS OR ADJUDICATION OF GUILT IN THE RECORDS.

{¶13} "III. THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH R.C. 2929.191 BY NOT HOLDING A HEARING WITH THE DEFENDANT PRESENT.

{¶14} "IV. THE TRIAL COURT ERRED WHEN THE COURT DISREGARDED AND FAILED TO EXERCISE ITS STATUTORILY REQUIRED DUTIES DURING THE DEFENDANTS [SIC.] ALLEGED CLASSIFICATION HEARING."

*Pro se Appellants*

{¶15} We understand that Fryer has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶16} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in

any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in both briefs that are outside of the record.

{¶17} In the interests of justice, we shall attempt to consider Fryer's assignments of error.

I.

{¶18} In Fryer's first assignment of error, he argues that the trial court did not inform him of his right to appeal his conviction.

{¶19} Under Crim.R. 32(B), a trial court is required to notify the defendant of his appellate rights. At the plea hearing, the court asked the defendant if he understood that he was waiving all the rights aside of his right to appeal within thirty (30) days. Further, Fryer signed a plea of guilty form filed with the court on March 20, 2007. Included in the Plea of Guilty executed by Fryer is the language: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within thirty (30) days."

{¶20} Upon review of the record, we conclude that any harm that resulted from the trial court's failure to notify Fryer about his appellate rights has been remedied by this subsequent appeal. *See, Fryer I. See, State v. Finch,* 5th Dist. Licking No. 11 CA 6, 2011-Ohio-4273, ¶27; *State v. Thompson,* 4th Dist. Washington Nos. 10CA5, 10CA13, 2012-Ohio-3188. In *Fryer I* not only did Fryer have appointed counsel to file a brief, he himself filed a brief, which this Court considered.

{¶21} Fryer's first assignment of error is overruled.

II.

{¶22} In his second assignment of error, Fryer contends the trial court did not properly make a finding of guilty.

{¶23} In *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the Ohio Supreme Court held that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. *Baker* was subsequently modified and clarified in *State v. Lester,* 130 Ohio St. 3d 303, 958 N.E. 2d 142, 2011–Ohio– 5204, wherein the Ohio Supreme Court held, at paragraph one of the syllabus: "A judgment of conviction is a final order subject to appeal under R.C. 2505. 02 when it sets forth ( 1) the fact of the conviction, ( 2) the sentence, ( 3) the judge's signature, and ( 4) the time stamp indicating the entry upon the journal by the clerk."

{¶24} *Baker*, interpreting the plain language of Crim. R.32(C), never held that the phrase "defendant was convicted" was required to be in the sentencing entry. There is also no such requirement in former Crim.R. 32(C) or in former Crim.R. 32(B). *Lester*, dealing with a different problem, held that a sentencing entry that included the fact of conviction, but that did not describe the manner of conviction, i.e., whether there was a jury trial or a plea agreement, was also a final appealable order. *Lester* at ¶ 15. *Lester* also held that the defendant could obtain a nunc pro tunc corrected sentencing entry, if desired, so that the manner of conviction could be part of the record. *State v. Fowler,* 7th Dist. Mahoning No. 14 MA 124, 2015-Ohio-1053, ¶12.

**{¶25}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

**{¶26}** Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013(1998), a plea of guilty requires no finding or verdict. *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009(1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence").

**{¶27}** In the case at bar, Fryer signed a written plea of guilty. Fryer pled guilty in open court. The trial court accepted Fryer's guilty plea and pronounced sentenced. The nunc pro tunc sentencing entry in this case contains the guilty plea, the sentence, and the signature of the judge, and was a final appealable order pursuant to former Crim.R. 32(B).

**{¶28}** Fryer's second assignment of error is overruled.

III.

{¶29} In his third assignment of error, Fryer argues the trial court failed to properly notify him about post release control.

{¶30} "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post release control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph 2 of the syllabus. In *Jordan,* the Supreme Court found that the trial court erred by failing to notify the defendants about post release control at the sentencing hearings, despite incorporating that notice into their respective sentencing entries. Id. at ¶17.

{¶31} R.C. 2929.19 requires a trial court to conduct a sentencing hearing in every felony case. At the sentencing hearing before a court can impose a prison sentence it must in relevant part,

> (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person. This division applies with respect to all prison terms imposed for an offense of a type described in this division, including a term imposed for any such offense that is a risk reduction sentence, as defined in section 2967.28 of the

Revised Code. If a court imposes a sentence including a prison term of a type described in division (B)(2)(c) of this section on or after July 11, 2006, *the failure of a court to notify the offender pursuant to division (B)(2)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect* does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(c) of this section and failed to notify the offender pursuant to division (B)(2)(c) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence *a statement regarding post-release control.*

(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(2)(c) of this section. This division applies with respect to all prison terms imposed for an offense of a type described in this division, including a term imposed for any such offense that is a risk reduction sentence, as defined in section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a

court imposed a sentence including a prison term of a type described in division (B)(2)(d) of this section *and failed to notify the offender pursuant to division (B)(2)(d) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control.*

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(c) or (d) of this section, and if the offender violates that supervision or a condition of post release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. *If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(e) of this section that the parole board may impose a prison term as described in division (B)(2)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section*

*2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(e) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.*

(Emphasis added). Additionally R.C. 2967.28 provides,

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense *shall include* a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, *the failure of a sentencing court to notify the offender* pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code of this requirement *or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate*, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and

failed to notify the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code regarding post release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code a statement regarding post-release control.

* * *

(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section *shall include a requirement* that the offender be subject to a period of post release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post release control is necessary for that offender. This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code regarding post-release control *or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(2) of section 2929.14 of the Revised Code a statement regarding post-release control.* Pursuant to an agreement entered into under section 2967.29 of the Revised Code, a court of common pleas or parole board may impose

sanctions or conditions on an offender who is placed on post-release control under this division.

(Emphasis added).  As we noted in *State v. Miller*, 5th Dist. Stark No. 2013CA00115, 2014-Ohio-18,

In the event post release control is not correctly imposed, R.C. 2929.191 provides a procedure to correct the error in the trial court's sentence. The statute applies to sentenced offenders who are still in prison and were either not notified at their sentencing hearings of the applicable term of post release control or did not have such notice incorporated into their sentencing entries. R.C. 2929.191(A) and (B).

For such offenders, R.C. 2929.191 provides that trial courts may, after holding a hearing, issue a nunc pro tunc entry that includes notification of the applicable term of post release control. The court's placement of the nunc pro tunc entry on the journal has the same effect as if the court had included the correct notification in the original sentencing entry and had notified the offender of the applicable term of post release control at the original sentencing hearing. Id. The offender has the right to be present at the hearing, but the court may permit the offender to appear at the hearing by video conferencing equipment. R.C. 2929.191(C). *See, State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, ¶ 23.

**{¶32}** Pursuant to *State v. Fisher,* 128 Ohio St.3d 72, 2011–Ohio–6238, 942 N.E.2d 332*,* "[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post release control." *Fischer* at paragraph two of the syllabus.

**{¶33}** Post release control constitutes a portion of the maximum penalty. *State v. Jones*, 5th Dist. Nos. 10CA75, 10CA76, 10CA77, 2011–Ohio–1202. In *State v. Clark*, 119 Ohio St.3d at 244, 893 N.E.2d 462, 2008–Ohio–3748, the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the substantial compliance test. 119 Ohio St.3d at 244, 893 N.E.2d 462, 2008–Ohio–3748 at ¶ 31. (Citations omitted). We review the trial court's colloquy under the substantial-compliance standard because the notification of post release control impacts the right to be informed of the maximum penalty. *State v. Harris,* 5th Dist. Licking No. 12 CA 82, 2013-Ohio-2056, ¶29. Under the substantial-compliance standard, we analyze the totality of circumstances.

**{¶34}** In the case at bar, the trial court informed Fryer during his sentencing hearing,

The Court further informs you of [sic.] this time that periods of supervision by adult parole supervision is mandatory in this case and the sentenced [sic.] to prison for a felony 1 or felony sex offense, which would be the situation here after my prison release I will have five years of post release control under conditions determined by the Parole Board. If am sentenced to prison for a felony 2 or a felony 3 which involves causing or threatening physical harm, [sic.] states you will have mandatory post release control of three years. If you receive prison for a felony 3, 4, or 5,

[sic.] may be given up to three years of post release control. A violation of any post release control rule or condition can result in a more restrictive sanction under post release control, and increased duration of supervision or control, up to the maximum term and re-imprisonment even though you have served the entire stated prison term imposed upon you by this Court for all offenses. If you violate conditions of supervision while under post release control, the Parole Board could return you to prison for up to nine months for each violation, for a total of 1/2 of the originally stated prison term. If violation is a new felony, you could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense. Do you understand the Court's sentence at this time?

[Fryer]:          Yes, Your Honor.

Sentencing Hearing, Apr. 17, 2007 at 7-8.  The "Nunc Pro Tunc Termination Judgment Entry," filed June 18, 2014, states in relevant part,

The Court has further notified the defendant that post release control of five (5) years is mandatory in this case as well as the consequences of violating conditions of post release control imposed by the Parole Board under Section 2967.28 Revised Code, which includes re-imprisonment for up to a maximum of one-half of my originally stated term. As part of this sentence, the defendant is ORDERED to serve any term of post release control imposed by the Parole Board, and any prison term imposed for violation of that post release control.

{¶35} We find that the trial court substantially complied with the notification requirements regarding post release controls under R.C. 2919.19 and R.C. 2967.28. *See*, *State v. Harris,* 5th Dist. Licking No. 12 CA 82, 2013-Ohio-2056. Although a sentencing court must comply with statutory requirements, the Supreme Court has not prescribed a "magic words" test for imposing post release control. This is consistent with other areas of criminal sentencing where appellate courts have held that trial courts need not recite specific magic words in imposing a sentence. *See, State v. Williams,* 10th Dist. Franklin No. 10AP-922, 2011-Ohio-4923, ¶19; *See also*, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶29 ("a word-for-word recitation of the language of the statute [R.C. 2929.14(C)(4)] is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld").

{¶36} Fryer's third assignment of error is overruled.

IV.

{¶37} We interpret Fryer's fourth assignment of error to be that the trial court erred when it accepted his stipulation to his classification as a sexual predator because the trial court failed to conduct a hearing, receive evidence and apply the factors delineated in R.C. 2950.09(B)(2) before determining that Fryer should be classified as a sexual predator.

{¶38} This argument was fully considered and rejected by this Court in *Fryer I.* Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal

from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233(1996), reaffirming *State v. Perry*, 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104(1967), paragraph nine of the syllabus. "More specifically, a criminal defendant cannot raise any issue in a post sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Reed*, [7th Dist. Mahoning No. 04 MA 236, 2005-Ohio-2925]; *State v. Zinn*, [4th Dist. Jackson No. 04CA1, 2005-Ohio-525]; *State v. Robinson*, [8th Dist. Cuyahoga No. 85266, 2005-Ohio-4154]; *State v. Rexroad*, [9th Dist. Summit App. No. 22214, 2004-Ohio-6271]; *State v. Reynolds*, [3rd Dist. Putnam No. 12-01-11, 2002-Ohio-2823]; *State v. Wyrick*, [5th Dist. Fairfield No. 01 CA17, 2001 WL 1025811(Aug. 31, 2001)]; *State v. Jackson*, [11th Dist. Trumbull No. 98-T-0182, 2000 WL 522440(Mar. 31, 2000)]; *State v. Jeffries*, [6th Dist. Wood No. L-98-1316, 1999 WL 550251 (July 30, 1999)]." *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, ¶ 7.

{¶39} Fryer's fourth assignment of error is overruled.

{¶40} For the foregoing reasons, the judgment of the Perry County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur