[Cite as *State v. Alexander*, 2012-Ohio-4843.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 2012CA00115 |
| MONDELL ALEXANDER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                              Common Pleas, Case No. 2010CR1653


JUDGMENT:                     AFFIRMED


DATE OF JUDGMENT ENTRY:       October 15, 2012


APPEARANCES:

For Appellant:                         For Appellee:

MONDELL ALEXANDER #594-547             JOHN D. FERRORO
M.C.I.                                 STARK COUNTY PROSECUTOR
P.O. Box 57
Marion, OH 43301                       KATHLEEN O. TATARSKY
                                       110 Central Plaza, South – Suite 510
                                       Canton, OH 44702-1413

*Delaney, P.J.*

{¶1} Defendant-Appellant Mondell Alexander appeals the May 22, 2012 judgment entry of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} Alexander was indicted by the Stark County Grand Jury on two counts of aggravated robbery, first-degree felonies in violation of R.C. 2911.01(A)(1). Each charge carried a firearm specification. Alexander entered a plea of not guilty to the charges.

{¶3} On January 5, 2011, Alexander appeared before the trial court and changed his not guilty pleas to guilty. During the plea colloquy, the trial court stated, "Do you understand that following any period of incarceration there would be a mandatory period of supervision by the Parole Authority?" (Sentencing Tr., 4.) Alexander responded, "Yes, sir." (Sent. Tr., 5.)

{¶4} Alexander signed a Crim.R. 11(C) plea form on January 5, 2011. The plea stated in pertinent part:

Upon release from prison, the defendant will be ordered to serve a mandatory period of five years of post-release control, pursuant to R.C. 2967.28(B). This period of post-release control will be imposed as part of defendant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. If the defendant violates the conditions of post-release control, the defendant will be subject to an additional prison term of up to

one-half of the stated prison term as otherwise determined by the Parole Board, pursuant to law.

{¶5} The trial court accepted Alexander's plea and proceeded to the sentencing phase. (Sent. Tr., 6-7.) The trial court sentenced Alexander to ten years in prison. The trial court notified Alexander that following any period of incarceration, there would be a mandatory period of supervision by the Parole Authority for five years and violations of any conditions would lead to periods of reimprisonment up to one-half the sentence imposed. (Sent. Tr., 8.)

{¶6} The change of plea and sentence was journalized on January 19, 2011. The sentencing entry states that Alexander was subject to a mandatory five-year term of post-release control.

{¶7} Alexander did not file a direct appeal of his sentence.

{¶8} On May 1, 2012, Alexander filed a Motion for Sentencing and Leave to Withdraw Guilty Plea(s). In his motion, Alexander argued his sentence was void for failure to give proper notification of post-release control during his plea hearing. The trial court denied Alexander's motion on May 29, 2012.

{¶9} It is from this decision Alexander now appeals.

**ASSIGNMENT OF ERROR**

{¶10} Alexander raises one Assignment of Error:

{¶11} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREIN VIOLATING DUE PROCESS WHEN IT DENIED 'WITHOUT HEARING' DEFENDANT'S MOTION FOR 'SENTENCING' AND FOR 'LEAVE TO WITHDRAW GUILTY PLEA.' SEE: STATE V. BOSWELL, 121 OHIO ST.3D 575; AND, STATE V.

MONTEZ-JONES, 2011-OHIO-1202 (OHIO APP. 5 DIST.).   SEE ALSO: CRIM.R. 11(C)(2)(A)."

**ANALYSIS**

{¶12} Alexander argues the trial court erred because his sentence is void due to the trial court's failure to properly notify Alexander of his post-release control during his plea colloquy.  Alexander's contention that the trial court failed to properly inform him of post-release control during the plea colloquy is an argument that the trial court failed to comply with Crim.R. 11(C)(2).  We will analyze Alexander's Assignment of Error under the requirements of Crim.R. 11.

{¶13} Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea or no contest without performing these duties.  *State v. Holmes*, 5th Dist. No. 09 CA 70, 2010-Ohio-428, ¶10.  Crim.R. 11(C)(2)(a) states the trial court must determine,

> * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶14} Post-release control constitutes a portion of the maximum penalty.  *State v. Jones*, 5th Dist. Nos. 10CA75, 10CA76, 10CA77, 2011-Ohio-1202, ¶ 20.

{¶15} In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 25,  the Ohio Supreme Court held,

* * * if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause.

{¶16} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham*, 5th Dist. No. 2011-CA-121, 2012-Ohio-2957, ¶ 11 citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *[State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review

the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea].

*See State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20.

{¶17} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 32; *State v. Aleshire,* 5th Dist. No. 2007–CA–1, 2008–Ohio–5688 at ¶ 10. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark,* 119 Ohio St.3d at 244, 893 N.E.2d at 499, 2008–Ohio–3748, ¶ 31.

{¶18} In *Clark,* a case decided after *Sarkozy,* the Ohio Supreme Court concluded that "[i]f a trial judge, in conducting a plea colloquy, imperfectly explains non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies on appellate review; under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld." *Id.* at ¶ 31, 881 N.E .2d 1224. Thus, in *Clark,* the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the substantial compliance test. 119 Ohio St.3d at 244, 893 N.E.2d at 469, 2008–Ohio–3748 at ¶ 31. (Citations omitted).

{¶19} The present case involves the notification of post-release control during a plea colloquy. As such, we review the trial court's plea colloquy under the substantial-

compliance standard because the notification of post-release control impacts the right to be informed of the maximum penalty. Under the substantial-compliance standard, we analyze the totality of circumstances surrounding Alexander's plea and determine whether he subjectively understood the effect of his plea.

{¶20} Alexander cites this Court to *State v. Jones*, 5th Dist. Nos. 10CA75, 10CA76, 10CA77, 2011-Ohio-1202, in support of his argument that the trial court failed to properly inform him of his term of post-release control during the plea colloquy. In *Jones*, the trial court failed to inform the defendant of the possibility of post-release control prior to accepting the defendant's plea. We found the defendant's plea was not made knowingly, intelligently, and voluntarily and in contravention of *Sarkozy*. *Id.* at ¶ 21.

{¶21} We find the facts of *Jones* to be distinguishable from the present case. In this case, the trial court stated during the plea colloquy, "Do you understand that following any period of incarceration there would be a mandatory period of supervision by the Parole Authority?" (Sentencing Tr., 4.) Alexander responded, "Yes, sir." (Sent. Tr., 5.) Alexander signed a Crim.R. 11(C) form, which stated:

> Upon release from prison, the defendant will be ordered to serve a mandatory period of five years of post-release control, pursuant to R.C. 2967.28(B). This period of post-release control will be imposed as part of defendant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. If the defendant violates the conditions of post-release control, the defendant will be subject to an additional prison term of up to

one-half of the stated prison term as otherwise determined by the Parole Board, pursuant to law.

{¶22} In *Sarkozy* and *Jones*, there was no mention of post-release control at the plea hearing. In the present case, the trial court notified Alexander that post-release control was mandatory and the Crim.R. 11(C) form signed by Alexander stated that post-release control was mandatory for a term of five years. We find, under the totality of the circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) in informing Alexander of post-release control during his plea hearing so that Alexander subjectively understood the implications of his plea. *See State v. Knowles*, 10th Dist. 10AP-119, 2011-Ohio-4477.

{¶23} Alexander's sole Assignment of Error is overruled.

**CONCLUSION**

{¶24} The sole Assignment of Error of Defendant-Appellant Mondell Alexander is overruled.

{¶25} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff - Appellee               :        JUDGMENT ENTRY
                                       :
                                       :
-vs-                                   :
                                       :        Case No.   2012CA00115
MONDELL ALEXANDER                      :
                                       :
    Defendant - Appellant              :


    For the reasons stated in our accompanying Opinion on file, the judgment of the

Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


                                   _____
                                   HON. PATRICIA A. DELANEY


                                   _____
                                   HON. W. SCOTT GWIN


                                   _____
                                   HON. WILLIAM B. HOFFMAN