[Cite as *State v. Burke*, 2013-Ohio-4689.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-24 |
| VINCENT BURKE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of Common Pleas, Case No. 12 CR 00250

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 21, 2013

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

KENNETH W. OSWALT    WILLIAM T. CRAMER
Licking County Prosecutor    470 Olde Worthington Road, Suite 200
    Westerville, Ohio 43082
By: JUSTIN T. RADIC
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant Vincent Burke appeals his sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

PROCEDURAL HISTORY[1]

{¶2} Appellant was indicted on trafficking in drugs, in violation of R.C. 2925.03(A)(1), a fifth degree felony under R.C. 2925.03(C)(2)(a); possession of marijuana, a minor misdemeanor, in violation of R.C. 2925.11(C)(3)(a); and possession of drug paraphernalia, a fourth degree misdemeanor, in violation of R.C. 29265.14(C)(1).

{¶3} Appellant entered a plea of guilty to all counts. The trial court imposed a five year community control sanction on the trafficking count, including a stay in a community based correctional facility, 100 hours of community service and a one year driver's license suspension. The court further imposed fines on the misdemeanor counts. Finally, the trial court imposed a three year term of post-release control at the discretion of the Adult Parole Authority.

{¶4} Appellant filed a motion with this Court for a delayed appeal. This Court granted Appellant's request for a delayed appeal. Appellant now assigns as error:

{¶5} "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, CRIM.R. 11(C)(2)(a), and 2943.032 BY FAILING TO PERSONALLY ADDRESS APPELLANT AND ENSURE THAT HE UNDERSTOOD THE MAXIMUM PENALTIES HE FACED UPON ENTERING HIS GUILTY PLEAS."

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

I.

{¶6}  Appellant maintains his plea was made in violation of Criminal Rule 11 as the trial court failed to inform him of the specific penalty for violating post-release control.  Specifically, the trial court mentioned the possibility of prison time for violating post-release control, but failed to provide the specific penalty.  Appellant did sign a written plea form setting forth the appropriate terms for a violation of post-release control.

{¶7}  In regard to the specific constitutional rights referenced in Crim.R. 11(C)(2)(c), the Ohio Supreme Court has set forth the following rule of law: "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney,* 120 Ohio St.3d 176, 897 N.E.2d 621, 2008-Ohio-5200, syllabus.

{¶8}  However, generally, in accepting a guilty plea, a trial court must "substantially comply" with Crim.R. 11(C), which we review based on the totality of the circumstances. *See State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757. In other words, "[f]or nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty

plea is accepted." *State v. Osley,* Lucas App.No. L–11–1236, 2013-Ohio-1267, 2013 WL 1289527, ¶ 17, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

{¶9} In *State v. Alexander*, 5th App. No. 2012CA00115, 2012-Ohio-4843, this Court held,

{¶10} "The present case involves the notification of post-release control during a plea colloquy. As such, we review the trial court's plea colloquy under the substantial-compliance standard because the notification of post-release control impacts the right to be informed of the maximum penalty. Under the substantial-compliance standard, we analyze the totality of circumstances surrounding Alexander's plea and determine whether he subjectively understood the effect of his plea.

{¶11} "Alexander cites this Court to *State v. Jones,* 5th Dist. Nos. 10CA75, 10CA76, 10CA77, 2011–Ohio–1202, in support of his argument that the trial court failed to properly inform him of his term of post-release control during the plea colloquy. In *Jones,* the trial court failed to inform the defendant of the possibility of post-release control prior to accepting the defendant's plea. We found the defendant's plea was not made knowingly, intelligently, and voluntarily and in contravention of *Sarkozy. Id.* at ¶ 21.

{¶12} "We find the facts of *Jones* to be distinguishable from the present case. In this case, the trial court stated during the plea colloquy, 'Do you understand that following any period of incarceration there would be a mandatory period of supervision by the Parole Authority?' (Sentencing Tr., 4.) Alexander responded, 'Yes, sir.' (Sent.Tr., 5.) Alexander signed a Crim.R. 11(C) form, which stated:

**{¶13}** "Upon release from prison, the defendant will be ordered to serve a mandatory period of five years of post-release control, pursuant to R.C. 2967.28(B). This period of post-release control will be imposed as part of defendant's criminal sentence at the sentencing hearing, pursuant to R.C. 2929.19. If the defendant violates the conditions of post-release control, the defendant will be subject to an additional prison term of up to one-half of the stated prison term as otherwise determined by the Parole Board, pursuant to law.

**{¶14}** "In *Sarkozy* and *Jones,* there was no mention of post-release control at the plea hearing. In the present case, the trial court notified Alexander that postrelease control was mandatory and the Crim.R. 11(C) form signed by Alexander stated that post-release control was mandatory for a term of five years. We find, under the totality of the circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) in informing Alexander of post-release control during his plea hearing so that Alexander subjectively understood the implications of his plea. *See State v. Knowles,* 10th Dist. 10AP–119, 2011–Ohio–4477."

**{¶15}** This Court followed *Alexander* in *State v. Harris,* 5th App. No. 12CA82, 2013 Ohio 2056,

**{¶16}** "The present case involves the notification of post-release control during a plea colloquy. As such, we review the trial court's plea colloquy under the substantial-compliance standard because the notification of post-release control impacts the right to be informed of the maximum penalty. Under the substantial-compliance standard, we analyze the totality of circumstances surrounding Alexander's plea and determine whether he subjectively understood the effect of his plea.

**{¶17}** "In the case sub judice, with regard to post-release control, the trial court addressed Appellant as follows:

**{¶18}** "'Do you also understand, Mr. Harris, that as a result of these convictions, that at the completion of your sentence you would be placed on a period of mandatory post-release control, and if you were to violate the terms of post-release control—a period of five years of post-release control—you'd be subject to being returned to the penitentiary for more incarceration even though you've served out your entire sentence? Do you understand that?' (T. at 14–15).

**{¶19}** "The plea form, signed by Appellant, informed Appellant as follows:

**{¶20}** "'I know any prison term stated will be the term served without good time credit. After release from prison, I will have *5* years of post-release control. A violation of any post-release control rule or condition can result in a more restrictive sanction while I am under post-release control, an increased duration of supervision or control, up to the maximum term and re-imprisonment even though I have served the entire stated prison term upon me by the Court for all offenses. If I violate conditions of supervision while under post-release control, the Parole Board could return me to prison for up to nine month for each violation, for repeated violations up to 1/2 of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post-release control, which would be consecutive to any other prison term imposed for the new offense.'

**{¶21}** "Additionally, the October 10, 2012, Judgment Entry of Sentence stated the following:

**{¶22}** "'The Court advised the defendant of a mandatory period of five (5) years of post-release control, not subject to reduction by the Adult Parole Authority, following any prison sentence imposed, and further the consequences for violating conditions of post-release control imposed by the Parole Board under Ohio Revised Code Section 2967.28, being the defendant is subject to being reincarcerated for a period of up to nine months, with a maximum for repeated violations of 50% of the stated prison term. If the violation is a new felony, the defendant may be returned to prison for the remaining period of control or 12 months, whichever is greater, plus receive a prison term for the new crime. The defendant was also advised if he is released early from the state penitentiary pursuant to judicial release and placed on community control, if a violation of community control occurs, the defendant could be subject to being returned to the penitentiary for the balance of his sentence.'

**{¶23}** "In *Sarkozy* and *Jones,* there was no mention of post-release control at the plea hearing. In the present case, the trial court notified Appellant that he was subject to a mandatory post-release control period of 5 years. Further, the Crim .R. 11(C) form signed by Alexander stated that post-release control was mandatory for a term of five years and specifically stated that he could be returned 'to prison for up to nine months for each violation'.

**{¶24}** "Based on the foregoing, we find, under the totality of the circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) in informing Appellant of post-release control during his plea hearing so that Appellant subjectively understood the implications of his plea. *See State v. Alexander,* 5th Dist.

No.2012CA00115, 2012–Ohio–4843; *State v. Kula,* 5th Dist. Nos. 08–CA13, 08–CA14, 2009–Ohio–2911; *State v. Knowles,* 10th Dist. 10AP–119, 2011–Ohio–4477."

**{¶25}** In the case sub judice, the trial court advised Appellant prior to accepting the plea:

**{¶26}** "Q. Do you understand, Mr. Burke, that if you were sent to the penitentiary, served out your sentence and then released, that you could be placed by the State on post-release control; and if you violated the terms of post-release control, you're subject to being returned to the penitentiary for more incarceration even though you've served out your entire sentence?  Do you understand that?

**{¶27}** "A. Yes, sir."

**{¶28}** Tr. at 13.

**{¶29}** In addition, Appellant signed an Admission of Guilt plea form on December 12, 2012.  The form states specifically, after release from prison Appellant will have three years of post-release control.  The form reads,

**{¶30}** "A violation of any post-release control rule or condition can result in a more restrictive sanction while I am under post-release control, and increased duration of supervision or control, up to the maximum term and re-imprisonment even though I have served the entire stated prison term imposed upon me by this court for all offenses.  If I violate conditions of supervision while under post-release control, the Parole Board could return me to prison for up to nine months for each violation, for repeated violations up to ½ of my originally stated prison term.  If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on

post-release control, which would be consecutive to any other prison term imposed for the new offense."

**{¶31}** In accordance with this Court's previous decisions in *Alexander* and *Harris*, we find the trial court substantially complied with the provisions of Criminal Rule 11 in accepting Appellant's plea.   See also, *State v. Kula*, 5th App. Nos. 08CA13, 08CA14, 2009-Ohio-2911; *State v. Munyan*, 5th App. No. 08CA88, 2009-Ohio-2348.  As in *Alexander*, supra, the trial court substantially complied with the provisions of Criminal Rule 11 in the colloquy with Appellant and the subsequent plea form.

**{¶32}** The sentence entered by the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :           JUDGMENT ENTRY
                                       :
VINCENT BURKE                          :
                                       :
    Defendant-Appellant                :           Case No. 13-CA-24


For the reason stated in our accompanying Opinion, the sentence entered by

Licking County Court of Common Pleas is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY