[Cite as *State v. Kaufman*, 2014-Ohio-1575.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| KRISTOPHER KAUFMAN | : | Case No. 13-COA-026 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from The Court of Common
                             Pleas, Case No. 13-CRI-031



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            April 11, 2014



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSHUA T. ASPIN                       MATTHEW J. MALONE
Assistant Prosecuting Attorney        11 ½ East 2nd Street
110 Cottage Street, 3rd Floor         Ashland, OH  44808
Ashland, OH  44805

*Farmer, J.*

{¶1} Appellant, Kristopher Kaufman, was charged with one count of Aggravated Arson in violation of R.C. 2909.02(A)(2), a felony of the second degree by way of a bill of information. Appellant entered a guilty plea to the charge and was sentenced to a prison term of seven years and ordered to pay restitution.

{¶2} The charge arose from Appellant setting his apartment on fire. There was a second apartment in the same building as Appellant. No one was harmed in the fire because the tenants in the second apartment were able to escape. This was not Appellant's first arson conviction. Appellant stated he set the fire because he wanted to kill himself after a fight with his girlfriend. Appellant admitted to police he has a fascination with fire.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error.

{¶4} Counsel for Appellant raises the following potential assignments of error:

I.

{¶5} "WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 BEFORE ACCEPTING DEFENDANT-APPELLANT'S GUILTY PLEA."

II

{¶6} "WHETHER THE TRIAL COURT'S SENTENCE IMPOSED ON DEFENDANT-APPELLANT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF DISCRETION."

{¶7} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

I.

{¶8} In his first assignment of error, Appellant suggests the trial court did not comply with Crim.R. 11 in accepting Appellant's plea.

{¶9} Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea or no contest without

performing these duties. *State v. Holmes,* 5th Dist. No. 09 CA 70, 2010–Ohio–428, ¶ 10. Crim.R. 11(C)(2)(a) states the trial court must determine,

{¶10} * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶11} "Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No.2011–CA–121, 2012–Ohio–2957, ¶ 11 citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶12} Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [ *State v.. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. **\*3** *See State v. Sarkozy,* 117 Ohio St.3d

86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20." *State v. Alexander*, 2012-Ohio-4843 *appeal not allowed,* 2013-Ohio-902, 134 Ohio St. 3d 1485, 984 N.E.2d 29.

{¶13} A review of the plea hearing reveals the trial court advised Appellant of his constitutional rights, the potential penalties for the offense, and the possibility of post release control. Further, the trial court inquired as to the voluntariness of Appellant's plea of guilty. In short, the trial court complied with Crim.R. 11, therefore, this potential assignment of error is found to be without merit.

II.

{¶14} In his second assignment of error, Appellant challenges the sentence imposed by the trial court.

{¶15} The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

{¶16} We find the sentence was not clearly and convincingly contrary to law. The sentence in this case was imposed within the statutory range provided in R.C. 2929.14. Having reviewed the sentence, sentencing factors found in R.C. 2929.12, the facts surrounding the crime, and Appellant's criminal history, we also find the trial court did not abuse its discretion in imposing the sentence in this case.

{¶17} The second potential assignment of error is overruled.

{¶18} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.


By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


SGF/as 328