[Cite as *State v. Barnes*, 2014-Ohio-1596.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DANIEL L. BARNES, III | : | Case No. CT2013-0047 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Case No. CR2013-0008


JUDGMENT: Affirmed


DATE OF JUDGMENT: April 11, 2014


APPEARANCES:

For Plaintiff-Appellee

RON WELCH
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant

DAVID A. SAMS
P.O. Box 40
West Jefferson, OH 43162

*Farmer, J.*

{¶1} On January 16, 2013, the Muskingum County Grand Jury indicted appellant, Daniel Barnes, III, on three counts of trafficking in drugs in violation of R.C. 2925.03 and one count of illegal manufacturing of drugs in violation of R.C. 2925.04. Three of the counts included forfeiture specifications.

{¶2} On June 13, 2013, appellant pled guilty to all the counts as indicted, save for one of the trafficking counts which was reduced from a third degree felony to a fourth degree felony. By sentencing entry filed August 21, 2013, the trial court sentenced appellant to an aggregate term of seven years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS."

I

{¶5} Appellant claims his plea was unknowing, unintelligent, and involuntary because he was not explained jury unanimity, and he was not informed of mandatory prison time and post-release control and his ineligibility for community control. We disagree.

{¶6} Crim.R. 11 governs pleas. Subsection (C)(2) states the following:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶7}    As for jury unanimity, this court stated the following in *State v. Rogers,* 5th Dist. Muskingum No. CT2008-0066, 2009-Ohio-4899, ¶ 11:

This Court, along with several courts, including the Ohio Supreme Court, has held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. *State v. Dooley,* Muskingum App. No. CT2008–0055, 2009–Ohio–2095; *State v. Hamilton,* Muskingum App. No. CT2008–0011, 2008–Ohio–6328; *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004–Ohio–3167, at ¶ 44–46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Smith,* Muskingum App. No. CT2008–0001, 2008–Ohio–3306 at ¶ 27 (there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict); *State v. Williams,* Muskingum App. No. CT2007–0073, 2008–Ohio–3903 at ¶ 9 (the Supreme Court held an accused need not be told the jury verdict must be unanimous in order to convict); *State v. Barnett,* Hamilton App. No. C–060950, 2007–Ohio–4599, at ¶ 6 (trial court is not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); *State v. Goens,* Montgomery App. No. 19585, 2003–Ohio–5402, at ¶ 19; *State v. Pons* (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim.R. 11); *State v. Small* (July 22, 1981), Summit App. No. 10105 (Crim.R. 11 does not require the court

to inform the defendant that the verdict in a jury trial must be by unanimous vote).

{¶8}   We find the trial court was not required to inform appellant of jury unanimity.

{¶9}   Appellant also argues he was not informed of mandatory prison time and post-release control and his ineligibility for community control.

{¶10} Although during the June 13, 2013 plea hearing a discussion was had between the trial court and defense counsel about mandatory prison time, during the Crim.R. 11 plea colloquy, the trial court informed appellant of the following (T. at 55-56):

THE COURT: Count 3 is a charge of illegal manufacturing of drugs, cocaine, with a forfeiture specification attached. That's charged as a felony of the second degree. It carries with it a maximum stated prison term of 2 through 8 years in one-year increments and a maximum fine of $15,000, a mandatory minimum fine of $7,500. And any prison time that's given on that count is mandatory time, meaning anywhere between 2 to 8 years in one-year increments that's given to you, you have to serve that time. Do you understand that charge and possible penalties?

THE DEFENDANT: Yes, sir.

{¶11} The trial court further explained the following (T. at 57-58):

THE COURT: Okay. You understand, Mr. Barnes, that if you would go to prison in this matter, it's mandatory that upon your release from prison, the Adult Parole Authority could place you on what is known as post-release control, that would be for a period of 3 years?

While on post-release control, you would be subject to a variety of rules and regulations. Should you fail to follow those rules and regulations, you can be - - you could be sent back to prison for a period of up to nine months for each rule violation you may commit. The total amount of time you could be sent back to prison would be equal to one half of your original prison sentence.

If you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional prison time could be added to that sentence in the form of the time you have left on post-release control or one year, whichever is greater. Do you understand that?

THE DEFENDANT: Yes, sir.

{¶12} We find the colloquy conforms to the mandates of Crim.R. 11, and appellant answered affirmatively that he understood his rights. T. at 55-60.

{¶13} Furthermore, at the start of the plea hearing, the trial court noted appellant and his attorney were signing the plea form "so we'll wait until you finish signing that form." T. at 51-52. The plea of guilty form filed June 13, 2013 set forth the offenses

pled to and the specific prison terms and fines for each offense. The form noted a prison term was mandatory as to Count 3, illegal manufacturing of drugs.

{¶14} The form also stated: "I understand that I am not eligible for Community Control if the Court is required by law to impose a mandatory prison sentence," and informed appellant of three years mandatory post-release control.

{¶15} Upon review, we do not find appellant's plea was unknowing, unintelligent, and involuntary.

{¶16} The sole assignment of error is denied.

{¶17} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Baldwin, J. concur and

Hoffman, P.J. concurs separately.

SGF/sg 3/14

*Hoffman, P.J, concurring*

{¶18} I concur in the majority's analysis and disposition of Appellant's assignment of error as it relates to the trial court's colloquy regarding mandatory prison time. I find it complied with the mandate of Crim.R. 11(C).

{¶19} As it relates to the trial court's colloquy regarding post-release control, I find the trial court substantially complied with Crim.R. 11(C) pursuant to this Court's decision in *State v. Alexander*, 5th Dist. 2012CA00115, 2012-Ohio-4843.[1]

---

[1] The state of Ohio does not address Appellant's argument the trial court did not properly advise him of the mandatory post-release control supervision.