[Cite as *State v. Kerr*, **2014-Ohio-2031**.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 13 COA 044 |
| ZACHARY S. KERR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Anders


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        May 13, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL        MATTHEW J. MALONE
PROSECUTING ATTORNEY        LAW OFFICE OF MATTHEW J. MALONE
JOSHUA T. ASPIN        11-1/2 East 2nd Street
ASSISTANT PROSECUTOR        Ashland, Ohio  44805
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Wise, J.*

{¶1} Appellant Zachary S. Kerr, was convicted of one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Following his guilty plea, Appellant was sentenced to a prison term of twelve months to be served consecutive to Appellant's sentence in an unrelated case.

{¶2} The charge arose from Appellant being in possession of a blank check which did not belong to Appellant. Appellant admitted stealing the check and indicated he had attempted to use the check at a local retailer, but the check was declined.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error.

{¶4} Counsel for Appellant raises the following potential assignments of error:

{¶5} "I. WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 BEFORE ACCEPTING DEFENDANT-APPELLANT'S GUILTY PLEA.

{¶6} "II. WHETHER THE TRIAL COURT'S SENTENCE IMPOSED ON DEFENDANT-APPELLANT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF DISCRETION."

{¶7} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that

could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

I.

**{¶8}** In his first assignment of error, Appellant suggests the trial court did not comply with Crim.R. 11 in accepting Appellant's plea.

**{¶9}** Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea or no contest plea without performing these duties. *State v. Holmes,* 5th Dist. No. 09 CA 70, 2010-Ohio-428 ¶ 10. Crim.R. 11(C)(2)(a) states the trial court must determine,

**{¶10}** * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶11}** Crim.R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need

only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v Dunham,* 5th Dist. No. 2011-CA-121, 2012-Ohio-2957 ¶ 11 citing *State v. Ballard* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶12} Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *[State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. **3** *See State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20." *State v. Alexander*, 2012-Ohio-4843 *appeal not allowed,* 2013-Ohio-902, 134 Ohio St. 3d 1485, 984 N.E.2d 29.

{¶13} A review of the plea hearing reveals the trial court advised Appellant of his constitutional rights, the potential penalties for the offense, and the possibility of post release control. Further, the trial court inquired as to the voluntariness of Appellant's plea of guilty. In short, the trial court complied with Crim.R. 11, therefore, this potential assignment of error is found to be without merit.

II.

**{¶14}** In his second assignment of error, Appellant challenges the sentence imposed by the trial court.

**{¶15}** The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

**{¶16}** We find the sentence was not clearly and convincingly contrary to law. The sentence in this case was imposed within the statutory range provided in R.C. 2929.14. Further, because Appellant had a prior felony conviction, he was not required to receive a community control sanction. R.C. 2929.13(B)(1)(a)(i).

**{¶17}** Having reviewed the sentence, sentencing factors found in R.C. 2929.12, the facts surrounding the crime, and Appellant's criminal history which precludes a mandatory community control sanction, we also find the trial court did not abuse its discretion in imposing the sentence in this case.

**{¶18}** For these reasons, the second potential assignment of error is overruled.

{¶19} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

JWW/d 4/23