[Cite as *State v. Thompson*, 2015-Ohio-4334.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Appellee | |
| -vs- | Case No. 15 COA 8 |
| MEGAN N. THOMPSON | |
| Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No.  14 CRI 163



JUDGMENT:                   Affirmed



DATE OF JUDGMENT ENTRY:     October 19, 2015



APPEARANCES:

For Appellee                        For Appellant

GARY BISHOP                         MATTHEW J. MALONE
ASSISTANT PROSECUTOR                LAW OFFICES of MATTHEW J. MALONE
110 Cottage Street                  10 East Main Street
Ashland, Ohio  44805                Ashland, Ohio  44805

*Wise, P. J.*

{¶1}. Appellant, Megan N. Thompson was indicted on seven counts: (1) Complicity (Trafficking in Marihuana), a felony of the fourth degree; (2) Possession of Marihuana, a felony of the fifth degree; (3) Complicity (Possessing Criminal Tools), a felony of the fifth degree; (4) Possessing Drug Abuse Instruments, a misdemeanor of the second degree; (5) Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree; (6) Illegal Use of Possession of Marihuana Drug Paraphernalia, a minor misdemeanor; and (7) Endangering Children, a misdemeanor of the first degree.

{¶2}. Pursuant to a plea agreement, Appellant plead guilty to counts one, four and seven. The state agreed to dismiss the remainder of the counts. Appellant received a sentence of 120 days of local incarceration on the Complicity (Trafficking in Marihuana) count, 30 days local incarceration on the Possessing Criminal Abuse Instruments, and 180 days of local incarceration on the Endangering Children count. All sentences were ordered served consecutive to one another for a total sentence of 330 days of jail. Further, Appellant was placed on supervised probation for a period of three years and fined $750.00.

{¶3}. Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error. Appellant has not raised any additional assignments of error pro se.

{¶4}. In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶5}. Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738.

POTENTIAL ASSIGNMENTS OF ERROR

{¶6}. "I. WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 BEFORE ACCEPTING APPELLANT'S GUILTY PLEA.

{¶7}. "II. WHETHER THE TRIAL COURT'S SENTENCE IMPOSED ON APPELLANT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF ITS DISCRETION."

{¶8}. We now will address the merits of Appellant's potential Assignments of Error.

I.

{¶9}. In her first potential Assignment of Error, Appellant suggests the trial court did not comply with Crim.R. 11 in accepting Appellant's plea.

{¶10}. Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally, to convey certain information to such defendant, and prohibits acceptance of a guilty plea or no contest plea without performing these duties. *State v. Holmes*, 5th Dist. No. 09 CA 70, 2010–Ohio–428, ¶ 10.

{¶11}. Crim.R. 11(C)(2)(a) states the trial court must determine: *** that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶12}. "Crim.R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham*, 5th Dist. No. 2011–CA–121, 2012–Ohio– 2957, ¶ 11 citing *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶13}. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea

unless the defendant thereby suffered prejudice." *State v. Alexander*, 2012-Ohio-4843 appeal not allowed, 2013-Ohio-902, 134 Ohio St. 3d 1485, 984 N.E.2d 29.

**{¶14}.** A review of the plea hearing reveals the trial court advised Appellant of her constitutional rights, the potential penalties for each offense, and the possibility of post release control. Further, the trial court inquired as to the voluntariness of Appellant's plea of guilty. In short, the trial court complied with Crim.R. 11, therefore, this potential assignment of error is found to be without merit.

**{¶15}.** Appellant's first Assignment of Error is overruled.

II.

**{¶16}.** In her second potential Assignment of Error, Appellant challenges the sentence imposed by the trial court.

**{¶17}.** The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

**{¶18}.** We find the sentences imposed were not clearly and convincingly contrary to law. The sentences in this case were imposed within the statutory range provided in R.C. 2929.14.

**{¶19}.** Likewise, having reviewed the sentence, the presentence investigation report, and the sentencing factors found in R.C. 2929.12, we do not find the trial court abused its discretion in imposing the sentence in this case.

**{¶20}.** Appellant's second proposed Assignment of Error is overruled.

**{¶21}.** For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0909